IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNELL BARROW,  )
                 )
       Petitioner,  )
                 )
v.               )   Case No. 23-3026-JWL
                 )
D. HUDSON, Warden, USP-Leavenworth,  )
                 )
       Respondent.  )
                 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a petition for habeas corpus under 28 U.S.C. § 2241. Petitioner claims that he has not received one year of credit earned under the First Step Act (FSA) towards his release date. For the reasons set forth below, the Court **denies** the petition.

In response to the petition, respondent first argues that petitioner has not exhausted his administrative remedies by filing a national administrative appeal as required. Petitioner concedes that he did not complete the fourth administrative step of filing a national appeal, but he argues that he was unable to complete that step because he was transferred multiple times among facilities. As respondent points out, however, petitioner has still not attempted to complete that step even though he has been at the same facility since February 2023 – a fact that petitioner does not dispute in his reply brief. Thus, it does not appear that there is any basis to apply the futility exception to the exhaustion requirement. The Court need not resolve the exhaustion issue, however, because petitioner has not shown that he is entitled to relief on the merits of his petition. *See Montez v.*

*McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (in Section 2241 proceeding, following policy of 28 U.S.C. § 2254(b)(2), which allows for the denial on the merits of an unexhausted habeas claim).

Petitioner claims that his FSA credits have not been applied against his release date. Respondent does not dispute that petitioner has earned 365 days of credit. Respondent notes, however, that under the FSA petitioner is not entitled to have those credits applied at this time because he has been assessed with a medium risk of recidivism in his last two assessments.[1]  *See* 18 U.S.C. § 3624(g)(1)(D)(i) (to be eligible for application of FSA credits to prerelease custody, prisoner must have been determined to be a minimum or low risk to recidivate according to the prisoner's last two assessments).[2]

In reply, petitioner does not dispute that he received medium-risk assessments. He does state that he should have received low-risk assessments, but he has not provided any basis for the Court to question those assessments or otherwise explained how his PATTERN assessment scores were calculated incorrectly. Therefore, petitioner has not shown that he is in fact eligible under the FSA to have his earned credits be presently

---

[1] Petitioner argues that the Court should strike respondent's answer because the two declarations attached to the answer were made by individuals who are not proper parties to this action. Respondent has merely relied on those individuals to provide evidence relevant to the merits of the petition. Thus, there is no basis to strike the answer or any arguments by respondent.

[2] The statute also provides for the prisoner's warden to approve a petition for transfer to prerelease custody upon a determination concerning the recidivism risk, *see* 18 U.S.C. § 3624(g)(1)(D)(i), but petitioner has not argued that he made any such request to the warden.

applied to his release date. Accordingly, because petitioner has not shown that he is entitled to relief, the Court denies his petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed *in forma pauperis* (Doc. # 4) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 9th day of May, 2023, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge